**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JOSEPH MICHAEL DEVON ENGEL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:20-CV-1824 HEA |
| | ) | |
| CO1, et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court upon review of a civil complaint filed by Joseph Michael Devon Engel (registration no. 1069055), an inmate at Eastern Reception, Diagnostic and Correctional Center ("ERDCC"). For the reasons explained below, plaintiff will be given leave to proceed *in forma pauperis*, and this action will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

**28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Although plaintiff did not file a separate motion for leave to proceed *in forma pauperis*, plaintiff states in the body of his complaint that he seeks "[a]pplication to proceed in District Court without prepaying fees or cost[s]." ECF No. 1 at 1. Liberally construed, plaintiff can be understood to ask the Court to grant him leave to commence this action without prepayment of the required filing fee. In support of his request, plaintiff submitted a copy of his inmate account statement. ECF No. 2.

A review of plaintiff's account indicates an average monthly deposit of $28.11 and an average monthly balance of $0.04. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $5.62, which is 20 percent of plaintiff's average monthly deposit.

**28 U.S.C. § 1915(e)**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed *in forma pauperis* if, *inter alia*, it is frivolous, malicious, or fails to state a claim upon which relief can be granted. An action is frivolous if "it lacks an arguable basis in either law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). Dismissals on this ground should only be ordered when legal theories are "indisputably meritless," or when the claims rely on "clearly baseless" factual allegations. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). "Clearly baseless" factual allegations include those that are "fanciful," "fantastic," and "delusional." *Id.* at 32-33 (quoting *Neitzke*, 490 U.S. at 325, 327). "As those words suggest, a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Id.* at 33.

An action is malicious when it is undertaken for the purpose of harassing the named defendants rather than vindicating a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1061 (4th Cir. 1987). An action can also be considered

malicious if it is part of a longstanding pattern of abusive and repetitious lawsuits. *In re Tyler*, 839 F.2d 1290, 1293 (8th Cir. 1988) (per curiam). *See Cochran v. Morris*, 73 F.3d 1310, 1316 (4th Cir. 1996) (when determining whether an action is malicious, the Court need not consider only the complaint before it, but may consider the plaintiff's other litigious conduct).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950-51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Id.* at 1949. Second, the Court must determine whether the complaint states a plausible claim for relief. *Id.* at 1950-51. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." *Id.* The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." *Id.* at 1951. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's proffered conclusion is the most plausible, or whether it is more likely that no misconduct occurred. *Id.* at 1950, 1951-52.

**The Complaint**

Plaintiff, who identifies himself as a sovereign citizen, is a self-represented litigant currently incarcerated at ERDCC in Bonne Terre, Missouri. The instant complaint is one of more than one hundred and thirty (130) civil rights actions plaintiff has recently filed in this Court pursuant to 42 U.S.C. § 1983.

Plaintiff's complaint is handwritten on two pages of notebook paper. He brings this action against forty-eight (48) defendants: CO1; CO2; Sergeant; Lieutenant; Captain; Corporal;

Functional Unit Manager; two Caseworkers; Assistant Superintendent; Assistant Warden; Warden; Eastern Reception, Diagnostic and Correctional Center (ERDCC); CCA; IPO ERDCC; IPO Supervisor ERDCC; Assistant Director P&P; Director P&P; Missouri Department of Corrections (MDOC); MDOC Assistant Directors; Director; Assistant Attorney General; Lieutenant Governor; Governor; two Senators; House Representative for Missouri; Corizon Health Care; Corizon Director; Corizon Assistant Director; Corizon Assistant Superintendent; Corizon ERDCC; Corizon Supervisor; Corizon RN; Corizon LPN; Corizon CNA; Corizon Med Tech; Corizon Chronic Care; Corizon Nurse Practitioner; Corizon Doctor; Chad Williams; Paul Garcia; Brent John; The Johns; Freddie Tucker; David Egan; Patti Egan; and Franklin Comer. He sues defendants in their individual and official capacities.

Plaintiff alleges his claims in their entirety as follows:

> This is in regards to my dibatic [sic] meds, blood sugars, snack bags, that I watched Dr. Ferguson put in computer and I don't get none of them[.] [T]hey refuse to treat me every time Dr. Ferguson puts orders in they get ignored.

ECF No. 1 at 2. He provides no additional facts and does not indicate the relationship between the defendants and his statement of the claim.

Plaintiff describes his injuries as "Health, Mental Health PTSD, Mind Raping, Rights." *Id.* at 1. For relief in this action, plaintiff lists each defendant and requests a separate, arbitrary amount from each individual or entity spanning from "1 Million" to "1000 Trillion" dollars. For example, plaintiff seeks "4 Trillion" from the Governor, "140 Billion" from an unnamed caseworker, "900 Trillion" from a Corizon nurse practitioner, and "200 Billion" from the ERDCC. *Id.* at 2. Plaintiff also seeks "10,000,000,000 stocks in U.S. Dollar, Euro, Swiss, Yin [sic], Germ[a]n Note & Mark, Pacso [sic], Canada Dollar, USA, Russia, China, Jap[a]n, Germ[a]ny, Franch [sic], Canada, Columbia, Cuba, [and] Alaska." *Id.* at 1.

**Discussion**

The Court has carefully reviewed plaintiff's complaint and has determined it is subject to dismissal.

In order to establish a claim for deliberate indifference to a serious medical need, a plaintiff must prove that he suffered from an objectively serious medical need, and that prison officials actually knew of and disregarded that need. *Roberts v. Kopel*, 917 F.3d 1039, 1042 (8th Cir. 2019). *See also Hamner v. Burls*, 937 F.3d 1171, 1177 (8th Cir. 2019). "A serious medical need is one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention." *Coleman v. Rahija*, 114 F.3d 778, 784 (8th Cir. 1997). Deliberate indifference can include the intentional denial or delay of access to medical care, or the intentional interference with treatment or prescribed medication. *Vaughn v. Lacey*, 49 F.3d 1344, 1346 (8th Cir. 1995).

To prevail under this standard, an inmate must demonstrate that a prison health care provider's actions were "so inappropriate as to evidence intentional maltreatment or a refusal to provide essential care." *Jackson v. Buckman*, 756 F.3d 1060, 1066 (8th Cir. 2014). As such, "deliberate indifference requires a highly culpable state of mind approaching actual intent." *Kulkay v. Roy*, 847 F.3d 637, 643 (8th Cir. 2017). Thus, a showing of deliberate indifference requires more than a mere disagreement with treatment decisions and is greater than gross negligence. *Gibson v. Weber*, 433 F.3d 642, 646 (8th Cir. 2006).

In this case, plaintiff appears to allege he has been denied "dibatic meds," and "snack bags." Plaintiff states "Dr. Ferguson put[] orders in [and] they get ignored." These allegations are insufficient to demonstrate deliberate indifference to plaintiff's medical needs. Plaintiff provides no facts about his medical condition or its seriousness. Plaintiff offers no information as to what he means when he states the orders "get ignored." He does not provide the name of the medication

he was allegedly denied and when he was denied either medication or snack bags. Plaintiff's conclusory allegations do not state a claim of deliberate indifference to serious medical needs as they wholly lack factual support are not entitled to the presumption of truth. *See See Iqbal*, 556 U.S. at 678; *Torti v. Hoag*, 868 F.3d 666, 671 (8th Cir. 2017) ("Courts are not bound to accept as true a legal conclusion couched as a factual allegation, and factual allegations must be enough to raise a right to relief above the speculative level"). Even self-represented plaintiffs are required to allege facts in support of their claims, and the Court will not assume facts that are not alleged. *See Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004).

Moreover, plaintiff does not identify any particular person or persons who refused him medical treatment. Plaintiff has neither stated who he asked for the medication and snack bags, nor has he identified any particular person or persons who denied him the requests. Thus, he provides no allegations that any individual's actions were "so inappropriate as to evidence intentional maltreatment or a refusal to provide essential care," which is necessary to demonstrate deliberate indifference. Furthermore, his ambiguous allegations do not satisfy the 42 U.S.C. § 1983 requirement that plaintiff establish a defendant's "causal link to, and direct responsibility for, the deprivation of rights." *See Mayorga v. Missouri*, 442 F.3d 1128, 1132 (8th Cir. 2006). For these reasons, plaintiff's deliberate indifference to medical needs claim must be dismissed.

Finally, it appears this action is also subject to dismissal because it is malicious. *See Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1061 (4th Cir. 1987) (an action is malicious when it is undertaken for the purpose of harassing the defendants rather than vindicating a cognizable right). Since filing this action, plaintiff has filed over one hundred and thirty (130) other complaints in this Court alleging that his civil rights have been violated by these defendants and other state and local entities and officials. Plaintiff submits the pleadings in bulk, and he specifies that he intends each set of pleadings to be docketed as an individual civil

action. The nature of those pleadings and plaintiff's claims for damages are roughly the same as those in the instant action. It therefore appears that this action is part of an attempt to harass these defendants and others by bringing repetitious lawsuits, not a legitimate attempt to vindicate a cognizable right. *See Spencer,* 656 F. Supp. at 461-63; *see also In re Billy Roy Tyler*, 839 F.2d 1290 (8th Cir. 1988) (noting that an action is malicious when it is a part of a longstanding pattern of abusive and repetitious lawsuits). This action is subject to dismissal for this reason, as well.

Plaintiff is cautioned to avoid the practice of repeatedly filing meritless lawsuits. First, a prisoner who has filed three or more actions or appeals that were dismissed for one of the reasons stated in 28 U.S.C. § 1915(e)(2) is subject to 28 U.S.C. § 1915(g), which limits his future ability to proceed *in forma pauperis*. Second, the practice of repeatedly filing meritless lawsuits can be interpreted as an abuse of the judicial process, which can result in court-imposed limitations on the ability to bring future lawsuits. This Court is "vested with the discretion to impose sanctions upon a party under its inherent disciplinary power." *Bass v. General Motors Corp.*, 150 F.3d 842, 851 (8th Cir. 1998) (citations omitted). This includes the discretion to craft and impose sanctions to deter litigants from engaging in "conduct which abuses the judicial process." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43-45 (1991). *See Tyler*, 839 F.2d at 1292 (affirming the district court's *sua sponte* determination that a litigant should be limited to filing one lawsuit per month pursuant to certain conditions precedent as a sanction for the litigant's repeated abuse of the judicial process). These powers stem from "the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id.* (quoting *Link v. Wabash R. Co.*, 370 U.S. 626, 630-31 (1962)).

Having considered plaintiff's abusive litigation practices and the manner in which he prepared the instant complaint and other civil complaints, the Court concludes that it would be

futile to permit plaintiff leave to file an amended complaint in this action. The Court will therefore dismiss this action at this time pursuant to 28 U.S.C. § 1915(e)(2).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed *in forma pauperis* (ECF No. 1) is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $5.62 within thirty (30) days of the date of this Order.  Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B). A separate order of dismissal will be entered herewith.

Dated this 25th day of January, 2021.

                                          HENRY EDWARD AUTREY
                                     UNITED STATES DISTRICT JUDGE